PS/CD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

———————————————————————

PHILLIP JOHNSON,

    Petitioner,

-v-                                       17-CV-6802L
                                        ORDER
SUPERINTENDENT JOSEPH NOETH,
Attica Correctional Facility, et al.,

    Respondents.

———————————————————————

    Pro se Petitioner Phillip Johnson ("Petitioner" or "Johnson"), an inmate at the Attica Correctional Facility, filed the instant petition for a writ of habeas corpus challenging a parole revocation determination. Docket Item 1. Upon initial review of the Petition, see Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, it appeared that Johnson did not exhaust his state judicial remedies with respect to the parole revocation determination. Docket Item 8. The Court therefore directed Johnson to show cause why the Petition should not be dismissed for his failure to exhaust his state judicial remedies. *Id.*

    Johnson filed a Response to the order to show cause. Docket Item 9, "Response." He first claims that he is imprisoned illegally because his maximum sentence had expired prior to his reincarceration on the parole revocation. He further argues that his court-appointed counsel on the administrative appeal from his parole revocation hearing failed to file and perfect his appeal within the 30-day time-period. See *McCullough v. New York State Div. of Parole*, No. 9:11-CV-1112 (DNH), 2015 WL 2340784, at *4 (N.D.N.Y. Apr. 15, 2015) ("The typical path for exhausting a claim concerning a petitioner's parole

1

revocation proceeding includes both completion of the internal, administrative appeal process within the Division of Parole and, in the event of an adverse determination, commencement of a CPLR Article 78 proceeding.") (citations omitted); *see also* N.Y. Comp. Codes R. & Regs tit. 9, § 8006.1. Johnson argues that if the Court fails to review the Petition it would be a "fundamental miscarriage of justice." Docket Item 9.

For the following reasons, the Court finds that Johnson's Response raises an issue of whether counsel's alleged failure to file and perfect an administrative appeal with the Division of Parole is sufficient cause to overcome a procedural default and whether he has established prejudice to overcome such default. *See Aparicio v. Artuz*, 269 F.3d 78, 90 (2d Cir. 2001) (citing *Coleman v. Thompson*, 501 U.S. 722, 748-49 (1991)). The Court does not have before it at this time a sufficient record to make such determinations and, therefore, Respondent will be directed to file an answer and memorandum of law in response to the Petition, which includes, in part, a discussion regarding whether Petitioner's claims herein are procedurally defaulted and whether Petitioner has established cause and prejudice to overcome said default.

## ORDER

ORDERED, in accordance with Rules 4 and 5 of the Rules Governing § 2254 Cases in the United States District Courts, that Respondents shall file and serve an **answer** responding to the allegations in the Petition and Petitioner's Response to the order to show cause within **90 days of the date of this Order**. The Answer shall state what parole revocation and post-parole revocation proceedings were conducted. Respondents shall provide the Court with a transcript of the relevant proceedings, if any,

together with any records and documents relating to them, so that the materials can be filed in the official record of this case; and it is further

ORDERED that, in addition to their answer, Respondents shall file and serve, within **90 days of the date of this Order**, a memorandum of law addressing each of the issues raised in the Petition and Response, including citations to supporting authority; and it is further

ORDERED that within **30 days of the date this Order**, Respondents may file a motion for a more definite statement or a motion to dismiss the Petition, accompanied by appropriate exhibits demonstrating that an answer to the Petition is unnecessary. The timely filing of such motion shall extend the time for filing an answer by **14 days**. This deadline will not be extended beyond 14 days, however, even if the Court does not act on Respondents' motion within that time; and it is further

ORDERED that within **30 days of the date this Order is served** upon the custodian of the records, the Clerk of Court, or any other official having custody of the records of the parole revocation proceedings leading to the parole revocation shall submit such records to Respondents or their attorney; and it is further

ORDERED that if Petitioner previously appealed the parole revocation proceeding or an adverse judgment or order in a post-revocation proceeding, Respondents must provide the Court with a copy of the briefs, the record on appeal, and any opinions of the administrative appeals unit and/or courts so that such documents can be filed in the official record of this case; and it is further

ORDERED that Petitioner shall have **30 days after his receipt of Respondents' answer or other pleading** to file a written reply; and it is further

ORDERED that the Clerk of Court shall electronically serve a copy of the Petition, together with a copy of this Order, via a Notice of Electronic Filing to Alyson Gill, Alyson.Gill@ag.ny.gov, Arlene Roces, Arlene.Roces@ag.ny.gov, and Laura Stockmyer, laura.stockmyer@ag.ny.gov, of the Office of the Attorney General, Federal Habeas Unit.

**PETITIONER MUST FORWARD A COPY OF ALL FUTURE PAPERS AND CORRESPONDENCE TO THE ATTORNEY APPEARING FOR THE RESPONDENTS.**

SO ORDERED.

_____
David G. Larimer
United States District Judge

DATED: July 24, 2018
Rochester, NY