UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MR. PHILLIP JOHNSON,

                              Plaintiff,

                          DECISION AND ORDER

                          17-CV-6802L

              v.

SUPERINTENDENT JOSEPH H. NOETH,
Attica Correctional Facility, et al.,

                              Defendants.
_____

*Pro se* petitioner Phillip Johnson, an inmate at the Attica Correctional Facility, filed a petition for a writ of habeas corpus challenging a parole revocation determination.

By order dated May 17, 2018, the Court directed petitioner to show cause why his claims should not be dismissed for failure to exhaust his state remedies. (Dkt. # 8.) The Court did so because on the record before the Court at that time, "it appear[ed] that Petitioner did not appeal, or seek state court relief from, the Division of Parole's determination revoking his parole." *Id.*

Petitioner did respond to that order. (Dkt. #9, #10.) On July 24, 2018, the Court, stating that petitioner's response had "raise[d] an issue of whether [his trial] counsel's alleged failure to file and perfect an administrative appeal with the Division of Parole is sufficient cause to overcome a procedural default and whether he has established prejudice to overcome such default," (Dkt. #11 at 2), directed respondents to file an answer and memorandum of law in response to the petition, addressing, *inter alia*, whether petitioner's claims were procedurally defaulted and whether petitioner had established cause and prejudice to overcome the default. *Id.*

By letter to the Court received and filed on October 22, 2018, petitioner indicated that he had been assigned new counsel, who perfected his administrative appeal. (Dkt. #17.) He also stated that his appeal had been decided on October 4, 2018. *Id.* at 1. On October 31, 2018, respondents filed a letter confirming that fact, along with a copy of the administrative appeal decision affirming the underlying parole revocation decision. (Dkt. #19-2 at 64, 65.)

Respondents now ask the Court to dismiss the petition, without prejudice to refiling once petitioner has exhausted his state remedies. (Dkt. #19.) That request is granted.

An application for a writ of habeas corpus may not be granted until a petitioner has exhausted all remedies available in state court. 28 U.S.C.A. § 2254(b). "A petitioner seeking habeas review of his parole revocation is subject to the exhaustion doctrine." *Lebron v. Annucci*, No. 15-CV-0829, 2016 WL 1312564, at *2 (N.D.N.Y. Apr. 4, 2016) (citing *Cook v. New York State Div. of Parole*, 321 F.3d 274, 278 (2d Cir. 2003)).

"To exhaust a denial of parole under New York law, the inmate must first file an administrative appeal with the Division of Parole's Appeals Unit. If that appeal is denied, he must seek relief in state court pursuant to Article 78." *Johnson v. Carlsen*, No. 09-CV-66, 2010 WL 1817343, at *2 (N.D.N.Y. Mar. 29, 2010) (internal quotation marks omitted); *see also McCullough v. NYS Div. of Parole*, No. 11-CV-1112, 2015 W L 2340784, at *4 (N.D.N.Y. Apr. 15, 2015) ("The typical path for exhausting a claim concerning a petitioner's parole revocation proceeding includes both completion of the internal, administrative appeal process within the Division of Parole and, in the event of an adverse determination, commencement of a CPLR Article 78 proceeding"). "If the Article 78 petition is denied, the petitioner must appeal that denial to the 'highest state court capable of reviewing it.'" *Scales v. New York State Div. of*

*Parole*, 396 F.Supp. 2d 423, 428 (S.D.N.Y. 2005) (quoting *Cotto v. Herbert*, 331 F.3d 217, 237 (2d Cir. 2003)).

It is apparent, then, that plaintiff perfected his administrative appeal, that a decision has been rendered on that appeal, but that he has not exhausted his state remedies. Accordingly, the Court dismisses the petition, without prejudice to his refiling, once his appeals have been exhausted. *See Mitchell v. Commissioner of Correction*, No. 16cv486, 2016 WL 6573941, at *4 (D.Conn. Nov. 4, 2016) ("The petitioner may re-file his federal habeas petition after he has exhausted his state court remedies as to all claims he wishes to pursue in federal court"); *accord Perry v. Sheahan*, No. 16-CV-517, 2016 WL 6093997 (W.D.N.Y. Oct. 19, 2016).

## CONCLUSION

Petitioner's petition for a writ of habeas corpus (Dkt. #1) is dismissed without prejudice to petitioner's refiling of a petition, once he has exhausted his state remedies.

Because there has not been a substantial showing of the denial of a constitutional right, see 28 U.S.C. § 2253(c)(2), the Court declines to issue a certificate of appealability. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
November 15, 2018.